**In re Dennis Arthur GOODRICH and Lynn Cheryl Goodrich, Debtors.**

**No. 2:08–bk–10045–RJH.**

United States Bankruptcy Court, D. Arizona.

Feb. 20, 2010.

---

Dennis Arthur Goodrich, Sun Lakes, AZ pro se.

Lynn Cheryl Goodrich, Sun Lakes, AZ, pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW; AND ORDER IMPOSING SANCTIONS AGAINST HSBC AND ALLIED INTERNATIONAL, INC.

RANDOLPH J. HAINES, Bankruptcy Judge.

This matter is before the Court based on the letter sent by the Debtors complaining of the post-discharge collection efforts on a debt owed to HSBC Card Services ("HSBC").[1] According to the Debtors, they received a post-bankruptcy petition, but pre-discharge, attempt to collect on this debt from an entity called Enhanced Recovery Corporation ("Enhanced Recovery") in November 2008. In early December, 2008 Debtors informed Enhanced Recovery of the bankruptcy filing, and provided the collector with their bankruptcy case information. Enhanced Recovery stated at that time they would stop trying to collect on the debt.

It seems that HSBC Card Services continued to send the debt out for collection to what appears to be third-party collection agencies after the Chapter 7 discharge had been entered in this case. Debtors were then contacted twice by Allied Interstate, Inc. ("Allied Interstate") via demand letters seeking to collect the discharged debt owed to HSBC.

Upon receiving the Debtors' letter complaint, the Court issued an Order to Show Cause and set a hearing to allow HSBC and Allied Interstate to appear and show cause, if any, why the Court should not enter an award of damages or sanctions against HSBC and Allied Interstate for their violation of the discharge order. The hearing was set for July 29, 2009. Neither HSBC nor Allied Interstate appeared at the order to show cause hearing, or otherwise formally responded to the Debtors'

1. The Court notes that the Debtor lists this creditor as "HSBC Card Services" on their master mailing list, in Schedule F, and in the letter complaint. Debtor gives an address of Post Office Box 60102 City of Industry, California, 91716. The certificates of mailing issued by the Bankruptcy Noticing Center indicate that HSBC Card Services has established electronic noticing and that they use the City of Industry, CA post office box. However, the creditor is listed as: "HSBC Bank" in the Enhanced Recovery demand letter; and "HSBC Bank, Nevada, N.A." in the Allied Interstate demand letter. The Debtors' Schedule F and the three demand letters all identify the subject credit card account as ending in number 6032. Although there are small anomalies regarding the name of this creditor among the various documents, all parties seem to agree on the account number, and the Court finds that the debt listed in Schedule F, on the Enhanced Recovery demand letter, and on the Allied Interstate demand letters all involves the same account and the same debt owed to the creditor known as HSBC.

letter complaint or to the order to show cause issued by this Court.

Based on the evidence presented at the order to show cause hearing, and the record of this case, the Court finds and concludes that the debt to HSBC Card Services was listed by the Debtors on Schedule F, and was thereby expressly included in the bankruptcy case.

The Court further finds and concludes that HSBC had multiple notices of the bankruptcy filing. HSBC was listed on the master mailing list, and HSBC was given notice of the bankruptcy filing and of the first meeting of creditors through the notice sent by the Bankruptcy Court on August 7, 2008. Second, as an agent of HSBC, Enhanced Recovery Corporation received actual notice of the bankruptcy filing when it was told of the bankruptcy filing on December 2, 2008. According to the Debtors, when Enhanced Recovery was informed of the bankruptcy filing, it indicated it would cease its collection efforts.[2] However, once its agent was informed of the bankruptcy filing and ceased its collection efforts,[3] HSBC either failed to notify any other agents to which it had sent the debt out for collection, or it simply disregarded the information provided by the Court directly to HSBC and the information provided by the Debtors to HSBC's previous agent. On April 21, 2009 and again on June 15, 2009, HSBC's new agent, Allied Interstate, Inc. again attempted to collect on this debt by sending demand letters to the Debtors. However, by the time these two new demand letters were sent, the Chapter 7 discharge had been entered. The Court also notes that the account numbers and the amount due listed in the Enhanced Recovery demand letter and the subsequent Allied Interstate demand letters are identical.

Based on the mailing certificate for the Chapter 7 discharge, the Court finds and concludes that HSBC received notice of the entry of Debtors' Chapter 7 discharge. The notice was sent electronically to HSBC on January 9, 2009.

The Court finds and concludes that the demand letters sent by Allied Interstate on behalf of HSBC, and for the express purpose of attempting to collect the prepetition debt owed to HSBC, were sent in violation of the discharge injunction granted under 11 U.S.C. § 524(a)(2), and they were sent months after HSBC received notice of the entry of the Chapter 7 Discharge in this case.

Finally, the Court finds and concludes that HSBC and Allied Interstate have been given an opportunity to show cause, if any, why this Court should not enter sanctions against them for the willful violation of the automatic stay. Neither party has appeared at the hearing and neither party has filed a response to the Debtors' letter complaint or the order to show cause entered by the Court.

Accordingly, and consistent with the Court's Minute Entry ruling dated July 29, 2009,

---

2. The Court notes, based on the information presented by the Debtors that Enhanced Recovery's response regarding further collection efforts was appropriate, given the existence of the automatic stay under 11 U.S.C. § 362. Enhanced Recovery, once it received actual notice of the bankruptcy case, appears to have immediately ceased its collection efforts.

3. The Court notes that under agency law, knowledge gained by the agent is imputed to the principal. In this case, in addition to the notices sent by the Court of the bankruptcy filing and the entry of the Chapter 7 discharge, HSBC also received actual notice of the bankruptcy case when the Debtors explicitly informed HSBC's agent, Enhanced Recovery, of the bankruptcy filing.

IT IS ORDERED granting Debtor's motion to hold HSBC and Allied Interstate in contempt for willful violation of the discharge injunction granted under 11 U.S.C. § 524(a)(2);

IT IS FURTHER ORDERED finding both HSBC and Allied Interstate in contempt for wilfully violating the discharge injunction;

IT IS FURTHER ORDERED that the contempt sanction of $10,000.00 each shall be granted as against HSBC and Allied Interstate and that judgment shall be enforceable by the Debtors individually. Debtors may collect on that judgment and any proceeds collected need not be contributed to the estate and paid over to creditors.